UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:12CR88-PPS/APR |
| ) | |
| JEFFREY ALAN SMITH, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

In September of 2013, Jeffrey Alan Smith was sentenced to a prison term of 84 months after his guilty plea to a charge of possession of child pornography. [DE 59 at 1-2..] After the term of imprisonment, Smith was ordered to serve a ten-year term of supervised release. [*Id*. at 3.] Smith commenced his term of supervised release on August 3, 2018, and so has served more than 5 years of the 10 years originally imposed. [DE 64 at 1.] Smith has now submitted a request for an early termination of his supervised release. [DE 61.] I have ordered and received responses from both the Probation Office and the United States Attorney's Office.

Section 3583(e)(1) authorizes me to consider all relevant sentencing factors and to terminate supervised release and discharge a defendant "at any time after the expiration of one year of supervised release... if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Assistant United States Attorney opposes early termination of Smith's supervised release. The government's invocation of an "exceptional circumstances" standard is

misplaced; it is both inconsistent with the statutory standard of §3583(e)(1) and the 1997 Second Circuit decision the government cites. [DE 65 at 1.]

The government devotes its attention principally to the seriousness of Smith's criminal activity. Although Smith's offense conduct was abhorrent, he has served his not inconsiderable prison sentence and supervised release is not intended to serve as further punishment. "[A] court may not impose a term of supervised release for the purpose of retribution." *United States v. Shaw*, 39 F.4th 450, 456 (7th Cir. 2022). *See also Parker v. Sproul*, No. 18-1697, 2022 WL 258586, at *2 (7th Cir. Jan. 27, 2022) (the ends of supervised release are rehabilitation, as distinct from the purposes served by incarceration). "The main goal of supervised release is 'to prevent recidivism and foster the offender's re-entry into society.'" *United States v. Fifer*, 863 F.3d 759, 769 (7th Cir. 2017). *United States v. Jones*, 798 F.3d 613, 618 (7th Cir. 2015). I take quite seriously the sentencing goals of protecting the public and deterring further sex crimes by Smith, but the government's opposition offers no real analysis of the relevance of those aims to the issue before me and merely reiterates three times in three pages the repugnant details of Smith's criminal behavior.

The Probation Officer reports that Smith has passed the last seven of nine polygraph tests (after failing the first two administered in the first 7 months of supervision), that Smith has been successfully discharged from sex offender group and individual treatment, and that Smith's therapist assesses him at a low risk level for re-offense and supervision needs. [DE 64 at 1-2.] This information provides expert

analysis as to the need for protection of the public and deterrence of further sex crimes. Smith has also been in full compliance with all conditions of his supervision. [*Id*. at 2.] He has maintained stable employment since his release from imprisonment, has lived in and maintained a residence provided to him by his employer, and has recently married his long-term girlfriend. [*Id*. at 2-3.]

Considering the relevant sentencing factors under 18 U.S.C. §3553(a), in view of Smith's compliance with the terms of his supervision and completion of its obligations, and his apparently successful transition following incarceration, as well as the Probation Officer's lack of opposition to an early release, I conclude that early termination is warranted by Smith's conduct and is in the interest of justice.

ACCORDINGLY:

Jeffrey Alan Smith's letter filed November 17, 2023, is construed as a request to terminate supervised release [DE 61], and is GRANTED.

The 10-year term of supervised release imposed on September 19, 2013 and entered in the Judgment dated September 27, 2013 [DE 59 at 3] is hereby terminated and defendant Jeffrey Alan Smith is discharged therefrom.

The Clerk is directed to provide a copy of this order to defendant Smith at his latest address of record, and to United States Probation Officer Peter Sgroi.

Dated this 3rd day of January, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
